IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHNNY E. YEOMANS,

    Plaintiff,

v.                                      CIVIL ACTION NO.: CV206-109

TIMOTHY BARTON, Magistrate Judge,

    Defendant.

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Glynn County Detention Center in Brunswick, Georgia, has filed, an action under 42 U.S.C. § 1983 in which he alleges that defendant violated his constitutional rights. Plaintiff seeks to proceed in forma pauperis. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988). 28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks

AO 72A
(Rev. 8/82)

monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in section 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at section 1915A(b). As the language of section 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to section 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted section 1915(e), its interpretation guides this court in applying the identical language of section 1915A.

Plaintiff claims that Timothy Barton, the Glynn County Magistrate Judge, denied Plaintiff his right to due process during a preliminary hearing Barton conducted. Magistrate Judge Barton is immune from suit based upon the doctrine of judicial immunity. As long as a judge acts within his judicial capacity, he is entitled to absolute immunity from a civil suit for damages under section 1983. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356, 98 S. Ct. 1099, 1104, 55 L. Ed. 2d 331 (1978)(holding judicial immunity doctrine applies in § 1983 actions); <u>See also</u> <u>Harris v. Deveaux</u>, 780 F.2d 911, 914 (11th Cir. 1986). Plaintiff has failed to establish that Defendant Barton acted outside of his judicial capacity.

2

The above set forth allegations, when read in a light most favorable to the Plaintiff, fail to state a claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A. Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED**. It is my **RECOMMENDATION** that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

So **ORDERED** and **REPORTED** and **RECOMMENDED**, this 25th day of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE